DICKINSON, Presiding Justice,
dissenting:
¶ 31. I fully agree with Justice Coleman’s well-reasoned view that the circuit *142 judge erred by excluding Graham’s statements against interest. Because I believe the circuit judge also arbitrarily denied Hartfield’s right to exercise a peremptory strike, I write this dissent.
¶ 32. The circuit judge’s pretext finding on Hartfield’s race-neutral reason for striking venire member sixteen was clearly erroneous. After the State established a prima facie case of racial discrimination, Hartfield argued that he struck venire member sixteen because he slept during defense counsel’s voir dire. Specifically, defense counsel stated that “[h]e kept yawning and I would look and he wasn’t firmly asleep, but the reason was when Mr. Whitacre was asking questions he would nod back and shut his eyes.”
¶ 33. The circuit judge acknowledged that venire member sixteen had yawned. The circuit judge agreed that he had closed his eyes. But simply because the circuit judge believed that he never actually fell asleep, he found Hartfield’s proffered explanation to be pretext for racial discrimination. This conclusion both ignored defense counsel’s argument that “he wasn’t firmly asleep” and extrapolated pretext from a mere difference between defense counsel and the judge’s apprehensions of agreed-upon appearances. This ruling was clearly erroneous. And because the arbitrary denial of a defendant’s peremptory strike violates due process, this error requires reversal.[4]
KITCHENS, KING AND COLEMAN, JJ., JOIN THIS OPINION.

. Stewart v. State, 662 So.2d 552, 560 (Miss.1995).